```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SAMANTHA LAMBUI,

                    Plaintiff,

        -against-                            ORDER
                                             14-CV-6457(JS)(AYS)
JAMES C. COLLINS, ROBERT LIMMER,
ROSEMARIE DAVITT, KEELEY WEIR,
UBS AG, and UBSFS FINANCIAL
SERVICES, INC.,

                    Defendants.
----------------------------------------X
```
SEYBERT, District Judge:

      Pending before the Court is Gabriele Marano LLP's letter motion seeking a pre-motion conference regarding an attorney fee dispute and Magistrate Judge Anne Y. Shields' Report and Recommendation ("R&R"), recommending that this Court decline to exercise jurisdiction over the fee dispute and close this case. (Docket Entry 60.) For the following reasons, the Court ADOPTS Judge Shields' R&R in its entirety.

## BACKGROUND

      This action was commenced on September 5, 2014 by plaintiff Samantha Lambui ("Plaintiff") against defendant James C. Collins, Robert Limmer, Rosemarie Davitt, Keeley Weir, UBS AG, and UBSFS Financial Services, Inc. (collectively "Defendants"). The parties filed two stipulations of dismissal on March 31, 2016, seeking to end this case.

However, Plaintiff's former attorneys, Gabriele Marano LLP, wrote to the Court on March 23, 2016 and again on March 31, 2016 requesting that the Court adjudicate an attorney fee dispute that exists between Plaintiffs current and former attorneys. (See Docket Entries 50, 52.)

The Court referred Gabriele Marano LLP's motions to Judge Shields on April 6, 2016. (Docket Entry 57.) On April 28, 2016, Judge Shields issued an R&R recommending that the Court (1) decline to exercise jurisdiction over the fee dispute in this case and (2) close the case. (Docket Entry 60.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived. Moreover, the Court finds Judge Shields' R&R to be free of clear error and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Shields' R&R (Docket Entry 60) is ADOPTED in its entirety. The Court declines to exercise jurisdiction over the fee dispute in this case. Moreover, the parties' stipulations of dismissal (Docket Entries 53, 54) are So Ordered and the Clerk of the Court is directed to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May __13__, 2016
 Central Islip, New York